2 F.3d 265
 62 Fair Empl.Prac.Cas. (BNA) 955
 Melvin HICKS, Appellant,
v.
ST. MARY'S HONOR CENTER, DIVISION OF ADULT INSTITUTIONS OF
the DEPARTMENT OF CORRECTIONS AND HUMAN RESOURCES
OF the STATE OF MISSOURI; Steve Long, Appellees.
 No. 91-1571.
 United States Court of Appeals,
Eighth Circuit.
 Submitted July 30, 1993.
Decided Aug. 16, 1993.
As Amended on Denial of Rehearing
Feb. 15, 1994.
Suggestion for Rehearing En Banc Denied
Feb. 24, 1994.
 
 Charles Oldham, St. Louis, MO, for appellant.
 Gary L. Gardner, Jefferson City, MO. (William L. Webster and Gary L. Gardner, on the brief), for appellee.
 Michael Ray Keller (Donald R. Livingson, Gwendolyn Young Reams, Vincent J. Blackwood and Michael Keller, Washington, DC, on the brief), for amicus curiae Equal Employment Opportunity Commission.
 Before McMILLIAN and JOHN R. GIBSON, Circuit Judges, and ELMO B. HUNTER,* Senior District Judge.
 McMILLIAN, Circuit Judge.
 
 
 1
 On June 25, 1993, the United States Supreme Court reversed this court's judgment in the present case and remanded the case for further proceedings. St. Mary's Honor Center v. Hicks, --- U.S. ----, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993), rev'g and remanding, 970 F.2d 487 (8th Cir.1992), rev'g 756 F.Supp. 1244 (E.D.Mo.1991). For the reasons discussed below, we remand the case to the district court for further consideration in light of the Supreme Court's opinion.
 
 
 2
 St. Mary's Honor Center is a halfway house operated by the Missouri Department of Corrections and Human Resources. Melvin Hicks was hired as a correctional officer at St. Mary's in August 1978 and was promoted to a supervisory position, shift commander, in February 1980. In 1983 the state conducted an investigation of the halfway house which resulted in extensive administrative changes in 1984. John Powell became the new chief of custody and Hicks's immediate supervisor; Steve Long became the new superintendent. Until this time Hicks had a satisfactory employment record, but he became the subject of repeated and increasingly severe disciplinary sanctions. In March 1984 Hicks was suspended for rules violations by his subordinates. Later that month Hicks received a reprimand for failing to adequately investigate an inmate fight that occurred on his shift, and he was also demoted to correctional officer for vehicle log book violations by his subordinates. In June 1984 St. Mary's discharged Hicks for threatening Powell during an argument.
 
 
 3
 Hicks filed this suit against defendants in federal district court, alleging St. Mary's had violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e, and Long had violated 42 U.S.C. Sec. 1983 by demoting and discharging him because of his race. After a bench trial, the district court found in favor of St. Mary's and Long. The district court found that Hicks had made a prima facie case of employment discrimination and that defendants had sustained their burden of production by introducing evidence of two legitimate, nondiscriminatory reasons for their actions against him (the severity and cumulative nature of the rules violations). The district court found that defendants' proffered reasons were not the real reasons for their actions because Hicks was the only supervisor disciplined for rules violations committed by his subordinates, similar and even more serious rules violations committed by Hicks's coworkers were either disregarded or treated more leniently, and Powell had manufactured the final argument with Hicks in order to provoke Hicks into threatening him. 756 F.Supp. at 1250-51. The district court, however, found that Hicks had failed to prove that defendants' unfair actions were motivated by race. Id. at 1252 (suggesting instead that defendants were motivated by personal animosity).
 
 
 4
 On appeal this court reversed. We held that once Hicks proved all of defendants' proffered reasons for the demotion and discharge to be pretextual, Hicks was entitled to judgment as a matter of law. 970 F.2d at 492. We reasoned that "[b]ecause all of defendants' proffered reasons were discredited, ... defendants were in no better position than if they had remained silent, offering no rebuttal to an established inference that they had unlawfully discriminated against [Hicks] on the basis of his race." Id.
 
 
 5
 The Supreme Court granted certiorari and reversed our judgment and remanded the case to this court for further proceedings. The Court held that the factfinder's rejection of the employer's proffered reasons does not compel judgment for the Title VII plaintiff and that this court's holding to the contrary "disregard[ed] the fundamental principle of [Fed.R.Evid.] 301 that a presumption does not shift the burden of proof, and ignore[d] [the Supreme Court's] repeated admonition that the Title VII plaintiff at all times bears the 'ultimate burden of persuasion' [on the ultimate question of intentional discrimination on the basis of race]." --- U.S. at ----, 113 S.Ct. at 2745 (Scalia, J.); see United States Postal Service Board of Governors v. Aikens, 460 U.S. 711, 714-16, 103 S.Ct. 1478, 1481-82, 75 L.Ed.2d 403 (1983) (the ultimate question is discrimination vel non, not whether the employer's evidence is credible); Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253, 256, 101 S.Ct. 1089, 1094, 1095, 67 L.Ed.2d 207 (1981) (ultimate burden of persuading factfinder that employer intentionally discriminated against plaintiff remains at all times with plaintiff). "It is not enough, in other words, to disbelieve the employer; the factfinder must believe the plaintiff's explanation of intentional discrimination." St. Mary's Honor Center v. Hicks, --- U.S. at ----, 113 S.Ct. at 2754. The Court cautioned, however, that "[t]he factfinder's disbelief of the reasons put forward by the [employer] (particularly if disbelief is accompanied by a suspicion of mendacity) ..., together with the elements of the prima facie case, ... will permit the factfinder to infer the ultimate fact of intentional discrimination, and ... that, upon such rejection, '[n]o additional proof of discrimination is required.' " Id. --- U.S. at ----, 113 S.Ct. at 2749 (footnote omitted), citing 970 F.2d at 493.
 
 
 6
 In the present case the district court found that although defendants' proffered reasons were pretextual, Hicks had failed to prove that his demotion and discharge were racially motivated. However, because neither the parties nor the district court has had a full and fair opportunity to apply the Supreme Court's newly clarified analytical scheme to this case, we remand the case to the district court for further consideration in light of the Supreme Court's opinion. The issue of retaliatory discharge as a basis for Title VII liability was not reached in the district court's first opinion. Hicks, supra, 970 F.2d at 493 n.9. The district court may decide to hold an evidentiary hearing in order to permit the parties to present additional evidence.
 
 
 7
 Accordingly, the case is remanded to the district court for further consideration in light of the Supreme Court's opinion.
 
 
 
 *
 The Honorable Elmo B. Hunter, Senior United States District Judge for the Western District of Missouri, sitting by designation